UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GUSTAV W. KLOSZEWSKI,

          Plaintiff,

-vs-                                          Case No.  5:04-cv-381-Oc-10GRJ

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS; J. M.
KILLIAN, individually and as Administrative
Warden of FCC Coleman; MEG
TRAYNOR, individually and as Assistant
Inmate Systems Manager of FCC Coleman;
ROBERT BURNS, individually and as
Inmate Systems Manager of FCC Coleman;
JOHN GAITHER, individually and as
Southeast Regional Inmate Systems
Administrator; HARRELL WATTS,
individually and as National Inmate Appeals
Administrator; KATHY LANE, individually
and as Southeast Regional Office
Administrator; GREGORY PARKS,
individually and as Warden of FCI
Coleman; CARLYLE HOLDER, individually
and as Warden of FCI Coleman,

          Defendants.
_____/

## O R D E R

This case is before the Court for consideration of the Defendants' Motion to Dismiss Complaint, or, in the Alternative, Motion for Summary Judgment (Doc. 31),[1] to which the

---

[1] Only Defendants John Gaither, J. M. Killian, Kathy Lane, Carlyle Holder, Meg Traynor, Harrell Watts, and the United States Department of Justice, Bureau of Prisons have moved to dismiss, or, in the alternative, for summary judgment.

Plaintiff has responded (Doc. 38). For the reasons that follow, the Court concludes that the Defendants' motion is due to be granted.

## BACKGROUND

On January 24, 2001, the Plaintiff filed an amended complaint (Doc. 16) against the Defendants under the Federal Tort Claims Act[2] and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>,[3] which ultimately alleges that the Defendants' actions led to his wrongful imprisonment for thirty-three (33) months at the Federal Correctional Complex in Coleman, Florida (FCC-Coleman).

The facts, according to the Plaintiff's amended complaint, are as follows. On November 5, 1991, the Plaintiff was arrested in Atlanta, Georgia on drug trafficking charges. Shortly thereafter, he was transferred to Charlotte, North Carolina where he was held in the Mecklenburg County Jail.

On November 15, 1991, the United States Parole Commission issued a "Detainer Action Letter" to the Plaintiff for a parole violation in Case Number 83-cr-06-07G, United States District Court, Northern District of Georgia.

On March 5, 1996, United States District Judge Graham Mullen granted the Plaintiff bond with the understanding that he would not be released from custody. Judge Mullen's actions were taken so the U.S. Parole Commission could execute its warrant and hold a

---

[2]   28 U.S.C § 2671 *et seq.*

[3]   403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court held that individuals may sustain an action for money damages against federal officers for violation of constitutional rights.

parole violation hearing, and so the drug trafficking sentence for the case arising from the November 5, 1991 arrest would run concurrently with the parole violation sentence. Shortly thereafter, the U.S. Parole Commission executed its warrant, held a parole violation hearing, and the Plaintiff was sentenced to twelve (12) years and six (6) months imprisonment for violating his parole.

On April 29, 1997, the Plaintiff was sentenced to ninety-six (96) months imprisonment for the drug trafficking charges arising from the November 5, 1991 arrest. The Plaintiff alleges that pursuant to USSG 5G 1.3(b) and 18 U.S.C. § 3584(a)(c), his ninety-six month drug trafficking sentence was to run concurrent with his twelve year, six month sentence for violating his parole. The Plaintiff further alleges that pursuant to 28 C.F.R. 500.1(e), 523.30 and 571.30(a)(b), 18 U.S.C. § 3624 (a)(b), and Federal Bureau of Prisons Program Statement 5880.28, the Plaintiff satisfied his ninety-six month sentence on December 18, 1999.

The Federal Bureau of Prisons provided the Plaintiff with a new "Sentence Monitoring Computation Data Sheet" indicating that as of December 18, 1999, the Plaintiff was to remain in custody to complete his parole violation sentence. Apparently, the Plaintiff's parole violation sentence was longer than he expected because the U.S. Parole Commission refused to give the Plaintiff credit toward this sentence for the time he served from November 15, 1991 to March 5, 1996.

On December 27, 1999, Judge Mullen granted the Plaintiff's request that the bond granted to the Plaintiff on March 5, 1996 be made *Nunc Pro Tunc* effective as of the date of the "Detainer Action Letter", which was November 15, 1991.[4]

In response to Judge Mullen's Order, the U.S. Parole Commission sent a letter to FCC-Coleman on January 12, 2000 requesting that the Plaintiff's parole violation sentence be recalculated. As a result, the Plaintiff's release date was set for April, 2000. And after taking into consideration the Plaintiff's "Good Time" credit, the Plaintiff's release date for the parole violation sentence became October 29, 1999.

The Plaintiff alleges that although he should have been released on October 29, 1999, he was incarcerated by the Defendants until October 17, 2002. The Plaintiff therefore claims that he was unlawfully incarcerated by the Defendants for a period of thirty-three months, or from the date Judge Mullen's *Nunc Pro Tunc* Order was entered on December 27, 1999 until October 17, 2002.

The Defendants contend that they properly computed the Plaintiff's sentences under federal law, therefore the Plaintiff's claims are due to be dismissed. The Defendants argue that when the Plaintiff's parole violation sentence was recalculated, due to Judge Mullen's *Nunc Pro Tunc* Order and the Parole Commission's letter, they were also required to reinstate and recalculate the Plaintiff's drug trafficking sentence, which resulted in the Plaintiff's incarceration until October 17, 2002. According to the Defendants, because of

---

[4] Doc. 1, Complaint, Exh. C, Order.

the *Nunc Pro Tunc* Order, the Plaintiff's time served from November 15, 1991 through March 5, 1996 now had to be credited toward the Plaintiff's parole violation sentence. Since this time had to be credited toward the parole violation sentence, it could not also be credited toward the drug trafficking sentence because to do so would allow a double credit, which is prohibited by 18 U.S.C. § 3585(b). This statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*[5]

The Plaintiff does not claim that the Defendants erred in computing his sentence, but the Plaintiff argues that the Defendants reinstated his completed sentence and recalculated that sentence, which the statute does not authorize. The Plaintiffs argue that the statute contemplates the calculation of a "live" sentence, not one which has been completed.

The Plaintiff's amended complaint contains nine (9) counts: Count I is brought under the Federal Torts Claims Act against the United States Department of Justice, Federal Bureau of Prisons for unlawful incarceration, and Counts II through IX are <u>Bivens</u> actions against the individually named Defendants in this case for unlawful incarceration.

---

[5]   18 U.S.C. § 3585(b) (emphasis added).

## DISCUSSION

As a preliminary matter, the United States is the only proper defendant in a suit brought under the Federal Tort Claims Act,[6] and the Plaintiff has erroneously sued the United States Department of Justice, Federal Bureau of Prisons.  Ordinarily, the Plaintiff would be granted leave to amend his complaint to add the United States as a party, but since his claims fail against the United States for the reasons that follow, the Plaintiff's request is denied.

The Plaintiff essentially claims that he was wrongfully imprisoned by the Bureau of Prisons for a period of thirty-three months, and seeks money damages under the Federal Tort Claims Act for the Bureau's wrongful acts.  However, there is no evidence that the Bureau's acts were wrongful or that the Bureau violated its duty in any way.  The Bureau of Prisons was charged with the responsibility of administering and computing the Plaintiff's sentence.[7]  In so doing, the Bureau recalculated the Plaintiff's sentences, while he was still in the Bureau's custody, to ensure that his sentences were correct and conformed with the law. Specifically, the Bureau of Prisons recalculated the Plaintiff's two sentences (the drug trafficking and parole violation sentences) to ensure that the Plaintiff was not awarded double credit, which is prohibited by § 3585(b).  The Bureau's recalculation was set into

---

[6]   F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998).

[7]   See United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

motion by the Plaintiff's own attorney, who requested and received an Order from a federal judge that changed the Plaintiff's detainer date for his parole violation, thereby requiring the Bureau to recalculate the Plaintiff's sentence so that he would receive credit toward his parole violation sentence for the time he served after this new detainer date. The Plaintiff's actions resulted in the predicament where he was receiving credit for time served for both his drug trafficking sentence and parole violation sentence, which is prohibited by law. To claim that the Bureau of Prisons was wrongful or violated its duty for correcting this error created by the Plaintiff and prohibited by federal law is illogical.   Furthermore, the actions taken by the employees of the Bureau of Prisons in correcting the Plaintiff's sentences to avoid giving the Plaintiff double credit do not constitute violations of constitutional or federal law.  Rather, the Bureau of Prisons and its employees were simply administering the Plaintiff's sentence as provided for under federal law.

## CONCLUSION

Accordingly, upon due consideration, it is ordered that:

(1)  Defendants' Motion to Dismiss Complaint, or, in the Alternative, Motion for Summary Judgment (Doc. 31) is GRANTED in all respects; and

(2) the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file in this matter.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record